Filed 7/1/25  P. v. Comminey CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>        v. <br><br> WALTER CHARLES COMMINEY, <br><br>     Defendant and Appellant. | G064437 <br><br> (Super. Ct. No. FVA023273-1) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Gregory S. Tavill, Judge. Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), the California Supreme Court ruled youthful offenders are entitled to establish a record of youth-related mitigating factors that may be relevant at their future parole hearing.[1] Defendant Walter Charles Comminey appeals from a postjudgment order that was issued in conjunction with his *Franklin* proceeding. His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring she was unable to find any issues to raise on Comminey's behalf. Having reviewed the record ourselves, we also detect no arguable issues. We therefore affirm.

PROCEDURAL BACKGROUND

In 2007, Comminey was sentenced to 75 years to life in prison after a jury convicted him of first degree murder with multiple firearm enhancements. If Comminey had been over the age of 25 when he committed the murder, he would not be eligible for parole until he had served 75 years in prison. But because he was only 18 years old at that time, he will be eligible for a youth offender parole hearing during the 25th year of his incarceration. (Pen. Code, § 3051, subd. (b)(3).)

In 2023, Comminey filed a letter request for a *Franklin* proceeding in the trial court. The court appointed him an attorney and set the proceeding for April 11, 2024. In anticipation of the proceeding, defense counsel had Comminey undergo an extensive psychological examination. The results of that examination are contained in a detailed report that defense counsel submitted to the court shortly before the *Franklin* proceeding.

---

[1] The process by which this is done is commonly known as a *Franklin* hearing, but the more accurate term is a *Franklin* proceeding, given its limited scope and purpose. (See *In re Cook* (2019) 7 Cal.5th 439, 449–450, fn. 3.)

Along with that report, defense counsel also filed a lengthy memorandum of points and authorities discussing the various youth-related factors bearing on Comminey's suitability for parole, including his family and social history and his personal development while in prison. This information was intended to show Comminey has transformed himself from an impetuous teenage offender to a mature and responsible adult.

At the *Franklin* proceeding, the prosecutor did not offer any evidence on behalf of the state; nor did he object to any of the information that had been filed by the defense. That being the case, the court ordered all of the information offered by the defense to be sent to the Department of Corrections and Rehabilitation, so it can be considered in connection with Comminey's eventual youthful offender parole hearing. No other matters were discussed at the proceeding.

Comminey filed an in propria persona notice of appeal, alleging his attorney was ineffective at the proceeding. His appointed appellate attorney filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed Comminey of his right to file a supplemental brief, but he did not do so. Under these circumstances, we are not required to independently review the record for arguable issues. (*Id.* at p. 230.) But, in the interests of justice, we have done so in this case.

DISCUSSION

The United States Supreme Court has recognized juvenile offenders are generally less culpable than adult offenders and, except in the rarest of cases, the federal Constitution requires states to afford juvenile offenders a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (*Graham v. Florida* (2010) 560 U.S. 48, 75.) To

that end, the California Legislature enacted Penal Code section 3051, which requires the Board of Parole Hearings to conduct a parole hearing no later than the 25th year of a youthful offender's incarceration, regardless of his or her sentence. (Stats. 2013, ch. 312, § 4; Pen. Code, § 3051, subd. (b)(3).) The statute applies to offenders who were 25 years of age or younger at the time of their crimes. (*Id.*, subd. (a)(1).)

As noted at the outset, *Franklin* proceedings are intended to facilitate youthful offender parole hearings. They permit a youthful offender to "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Franklin, supra,* 63 Cal.4th at p. 284.)

Importantly, however, this record-making process has no bearing on the defendant's underlying sentence. (*In re Cook, supra,* 7 Cal.5th at p. 451.) Rather, the process is intended solely "to preserve information relevant to the defendant's eventual youth offender parole hearing." (*People v. Sepulveda* (2020) 47 Cal.App.5th 291, 300.) The trial court has broad discretion "to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations." (*People v. Rodriguez* (2018) 4 Cal.5th 1123, 1132.)

As it turned out, the prosecution did not object to any of the information defense counsel filed with the court or offer any evidence on behalf of the state. This was a *win* for Comminey, in that he was permitted to

make an objection-free record of the mitigating factors bearing on his suitability for future parole.

Comminey may have expected the *Franklin* proceeding to be more involved, or to have an immediate impact on his sentence or parole prospects. As we have explained, however, *Franklin* proceedings are merely intended to preserve evidence for *future* consideration, and that objective was fully achieved in this case. There is nothing in the record to suggest defense counsel was ineffective in any respect. Nor are there any arguable issues related to the trial court's only order at the proceeding, which was to direct defense counsel's *Franklin* information be sent to prison officials.

## DISPOSITION

The trial court's postjudgment order is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.

5